IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LASHONDA BENTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:17cv95-MHT |
| ) | |
| SAFEWAY INSURANCE COMPANY ) | |
| OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

On February 16, 2017, defendant Safeway Insurance Company of Alabama ("Safeway") removed this case from the Circuit Court of Chambers County, Alabama. Plaintiff LaShonda Benton ("Benton") alleges that Safeway wrongfully failed to provide insurance coverage after an automobile accident, and asserts claims of misrepresentation, fraud, and suppression. Benton is a citizen of Alabama, and the notice of removal asserts that the sole named defendant, Safeway, is a corporation incorporated in Illinois with its principal place of business in Illinois. Although Benton seeks compensatory and punitive damages, her complaint does not specify an amount of damages. Safeway claims that because the complaint alleges fraud and misrepresentation, it "appear[s] that the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs." (Doc. # 1 at 3). On that basis, pursuant to 28 U.S.C. § 1441, Safeway removed the case to this court. *See* 28 U.S.C. § 1332.

On March 20, 2017, Benton filed a motion to remand (doc. # 14). The court directed Safeway to file a response to the motion, and it has done so. Upon consideration of the motion to remand, the briefs filed in support of and in opposition to the motion to remand, and for the reasons which follow, the court concludes that the motion to remand should be granted, and this case should be remanded to the Circuit Court of Chambers County, Alabama.

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "When a case is removed to federal court, a removing defendant's burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Any

questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

**DISCUSSION**

Safeway removed this case solely on the basis of the court's diversity jurisdiction. To establish diversity jurisdiction, the removing party must not only demonstrate that the properly-joined parties are completely diverse, but, where the amount in controversy is not evident from the face of the complaint, the removing party must also demonstrate that the amount in controversy exceeds the $75,000 jurisdictional minimum set by 28 U.S.C. § 1332. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir.2010).

According to Safeway, fraud claims in Alabama "are always difficult to access or assign a monetary value, . . . [h]owever, large verdicts against insurance companies on relatively small measures of compensatory damages have long been a part of Alabama jurisprudence, where claims of bad faith or fraud are asserted." (Doc. # 17 at 1-2). Relying on *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), Safeway argues that evidence establishing the jurisdictional amount is not necessary where it is "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional requirement, even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka*, 608 F.3d at 754). Safeway urges the court to apply "judicial experience and common sense," and determine that the complaint "clearly places

an amount exceeding $75,000.00 in controversy based upon the factual allegations, the claims asserted, and the damages requested." (Doc. # 17 at 3, ¶ 6). In her motion to remand, Benton asserts that "[t]he amount in controversy in this case . . . is less than $75,000.00, which is the jurisdictional limit of this Court pursuant to 28 U.S.C.§1332." (Doc. # 14 at 3).

In *Roe*, the Eleventh Circuit held that, when a case is removed on the basis of an initial complaint that does not plead a specific amount of damages, the removing defendant is required to show by a preponderance of the evidence that more likely than not the amount in controversy exceeds the jurisdictional minimum. *Roe*, 613 F.3d at 1061; *see also Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citing *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)) (same); *Tapscott*, 77 F.3d at 1356-57. Under *Roe*, if a defendant does not provide evidence of the amount in controversy, but alleges that removability is apparent from the face of the initial complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. "In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.* Instead, when the initial complaint does not include an unambiguous demand for a specific amount of damages, the removing defendant may satisfy its burden to establish subject matter jurisdiction, if, when the specific allegations of the complaint are viewed in light of "judicial experience and common sense," it is apparent from the face of the complaint that, "more

4

likely than not," the case satisfies the jurisdictional minimum. 613 F.3d at 1061-62.

Although *Roe* recognizes that "judicial experience and common sense" may support "reasonable inferences" drawn "*from the pleadings*" to determine whether "*the case stated in [the] complaint* meets federal jurisdictional requirements," nothing in *Roe* permits the court to indulge in speculation or fill empty gaps in the plaintiff's factual averments with unfounded assumptions about what the evidence may show. 613 F.3d at 1061 (emphasis added). "Judicial experience and common sense" are useless for making "*reasonable*" deductions, inferences, and extrapolations when the complaint is devoid of any averments from which to deduce, infer, or extrapolate. A reasonable inference "is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist.'" (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007). "[W]ithout facts or specific allegations, the amount in controversy" can be determined "only through speculation - and that is impermissible." *Pretka*, 608 F.3d at 753-54 (citing *Lowery*, 483 F.3d at 1209). Moreover, it is axiomatic that, on a motion to remand, all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court, *see Burns*, 31 F.3d at 1095; thus, to the extent that competing inferences may be drawn from the specific factual allegations of the complaint, the court must indulge those inferences most favorable to remand.

In her complaint, Benton alleges that "[o]n December 12, 2016, in Chambers County, Alabama, Plaintiff was involved in a car crash causing injury and damage to her, the 2007

Chevrolet Malibu, as well as the other driver and his vehicle." (Doc. # 1, Ex. 1 at 2, ¶ 8). On the face of her complaint, Benton seeks damages "paid for [insurance] coverage that was not provided," mental and emotional distress, and for "being sued for injuries and damages to the other driver." (*Id*. at 4, ¶ 17).

In their notice of removal, Safeway provided a copy of the insurance declaration page indicating that James Brooks paid $366.00 for insurance coverage for the 2007 Chevrolet Malibu and Benton was an authorized driver. (Doc. # 1, Ex. 5). The policy limits for an accident was $50,000. (*Id*.). There is no description in the complaint of the severity of damages to the vehicles or injuries to Benton and the other driver. Safeway presents no evidence of the severity of Benton's injuries or property damages. In its notice of removal, Safeway indicates that it is "aware of a potential action" against Benton by the driver of the other vehicle, and suggests that the court consider the possibility that litigation to infer that the amount of controversy more than likely meets the jurisdictional limitation. The court declines the invitation to engage in such speculative calculations, particularly based on action that has not yet occurred.

Absent from the complaint are specific allegations from which one could draw any reasonable inference regarding the extent of damages. For example, it is not possible to discern from the complaint the extent of damages to Benton's vehicle or the other vehicle. Similarly, the extent of Benton's "mental and emotional distress" is left entirely to speculation; although the complaint asserts that these damages "continue," it is impossible

to determine from the face of the complaint exactly what those damages encompass. In the court's "judicial experience," mental anguish and emotional distress damages in cases such as this vary widely depending on the circumstances, and even very similar circumstances may affect different plaintiffs in different ways. In short, Safeway's approach to calculating Benton's damages requires baseless speculation and deference to whichever assumptions are *least* favorable to remand, rather than the use of judicial experience and common sense to make reasonable deductions from specific factual allegations or evidence. This, the court cannot do. *See Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction); *Pretka*, 608 F.3d at 753-54 ("[W]ithout facts or specific allegations, the amount in controversy could be 'divined [only] by looking at the stars' - only through speculation - and that is impermissible."). Thus, there is no evidence before the court from which it can determine the nature and extent of Benton's compensatory damages.

Safeway also points to other verdicts in fraud cases in Alabama to assert that Benton's fraud claims "more likely than not" exceed the jurisdictional limit (Doc. # 17 at 1-2, & Ex. 2). However, the case summaries do not explain the facts of those cases or link the facts to the facts of this case. *See Pretka*, 608 F.3d at 753("Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims of this lawsuit.") Safeway's conjecture is simply that - conjecture - and it is insufficient to meet its burden.

Benton also seeks punitive damages in conjunction that Safeway's allegedly wanton,

7

fraudulent, and intentional conduct. However, the complaint contains no facts describing Safeway's allegedly reprehensible conduct sufficient to merit punitive damages. The complaint contains no specific factual allegations that could provide any indication of the *degree* of reprehensibility of that conduct. "'[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct.'" *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)); *see also Roe*, 613 F.3d at 1065 (holding that, under Alabama law, "in assessing punitive damages, the worse the defendant's conduct was, the greater the damages should be."). Thus, in *Roe*, the court noted that the "factors used to determine the value" of a wrongful death claim for punitive damages "can generally be evaluated using the complaint's allegations regarding the defendant's behavior." *Roe*, 613 F.3d at 1064. In *Roe*, the complaint included specific, non-conclusory allegations that the defendant fully knew the potential danger that its conduct posed and that the danger was preventable with ordinary care, but "did not even attempt to take [preventative] measures," thus causing the plaintiff's death and "endangering the lives of thousands of people." *Roe*, 613 F.3d at 1066; Unlike the case in *Roe,* which involved a wrongful death claim, there are no allegations in at all in the complaint from which the court could consider the extent of Benton's injuries, or the reprehensibility of Safeway's conduct.

Finally, Safeway urges the court to consider that Benton's "refusal to stipulate" that she would not seek more than $75,000.00 in damages as support for its position that her

8

damages "more than likely" exceeds the jurisdictional requirement. In *Williams v. Best BuyCo., Inc.*, the Court recognized that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy" a defendant's burden. 269 F.3d 1316, 1320 (11th Cir. 2001). The mere fact that Benton declined to stipulate to less than $75,000.00 in damages is insufficient for the court to conclude that it is more likely than not that her damages exceed that amount.

Due to the lack of any factual detail in the complaint indicating the extent of compensatory damages at issue or the reprehensibility of Safeway's alleged conduct for the purpose of ascertaining punitive damages, the court declines to engage in "impermissible speculation" and "hazard a guess on the jurisdictional amount in controversy." *Pretka*, 608 F.3d at 752. In the absence of evidence or specific factual allegations in the complaint upon which to reasonably determine the extent of Benton's damages (other than the cost of insurance premiums and the limits of the policy), the court cannot simply assume that the amount in controversy in this case exceeds the jurisdictional minimum. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction *should not be divined by looking to the stars*." *Pretka*, 608 F. 3d at 753 (quoting *Lowery*, 483 F.3d at 1215) (emphasis in *Pretka*).

Accordingly, the court concludes that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000, and this case must should be remanded.

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the motion to remand (doc. # 14) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Chambers County, Alabama. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 25, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of May, 2017.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE